UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN M. WELDON,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC.
and BOWMAN, HEINTZ, BOSCIA &
VICIAN, P.C.,

    Defendants,

Case Number:

**1 : 10-cv- 0 6 6 0 LJM - JMS**

## COMPLAINT

Comes now the Plaintiff, KEVIN M. WELDON, by counsel, DARRELL J. DOLAN, and complaining of the Defendants, ASSET ACCEPTANCE, LLC. and BOWMAN, HEINTZ, BOSCIA & VICIAN, P.C., states as follows:

### I.  INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and reasonable attorney's fees brought by Kevin M. Weldon for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. by Defendants.

### II.  JURISDICTION

2. This Court has jurisdiction of this action under 15 U.S.C. 1692 (k).

### III.  PLAINTIFF

3. Plaintiff, Kevin M. Weldon, is a natural person residing in Monroe County, Indiana.

## IV. DEFENDANTS

4. Defendant, Asset Acceptance, LLC (hereinafter "Asset Acceptance"), is a for profit limited liability company with its principal place of business in a state other than Indiana.

5. At all times relevant to this action, Asset Acceptance was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. 1692 (a) (6).

6. Defendant, Bowman, Heintz, Boscia & Vician (hereinafter "Bowman Heintz") is a domestic professional corporation with its principal place of business in Indiana.

7. At all times relevant to this action, Bowman Heintz was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. 1692 (a) (6).

## V. STATEMENT OF FACTS

8. On or about May 22, 2007, Defendants filed a lawsuit against Plaintiff in the Circuit Court of Monroe County, Indiana, seeking to collect upon an alleged debt in the amount of $29,348.85.

9. Prior to filing the aforesaid lawsuit against Plaintiff, Asset Acceptance unilaterally submitted claims on this alleged debt to a private arbitration firm which assigned the matter to one of its panel arbitrators who subsequently entered a default arbitration award against the Plaintiff.

10. The statute of limitations barring legal action against the plaintiff had expired on the alleged debt substantially prior to both the date the Defendants initiated claims for arbitration and the date they filed the lawsuit against the Plaintiff.

## VI. CLAIMS FOR RELIEF – FAIR DEBT COLLECTION PRACTICES ACT

11. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. These violations include, but are not limited to:

   (a) Using unfair and unconscionable means to collect upon a debt in violation of 15 U.S.C. 1692 (f);

   (b) Taking legal action to collect upon a time barred debt with actual knowledge that the statute of limitations had expired on the alleged debt in violation of 15 U.S.C. 1692 (f);

   (c) Taking legal action to collect upon a time barred debt without first conducting a reasonable inquiry into the status of the applicable statute of limitations on the alleged debt in violation of 15 U.S.C. 1692 (f);

   (d) Using false, deceptive, or misleading representations or means to collect upon a debt in violation of 15 U.S.C. 1692 (e).

12. As a result of these violations of the Fair Debt Collection Practices Act, Defendants are liable to the Plaintiff for his actual damages, statutory damages, costs, attorney fees and other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants in an amount that will compensate him for his actual damages, statutory damages, costs, attorney fees and any such other appropriate relief.

Dated: May 26, 2010

KEVIN M. WELDON, Plaintiff

By: _____

Darrell J. Dolan
Attorney for Plaintiff ( #16389 - 29)
6525 E. 82nd Street, Suite 102
Indianapolis, IN 46250
Ph. 317-842-0022; Fax 317-842-2216
attorneydolan@aol.com