**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

KEVIN M. WELDON, )
)
Plaintiff, ) Case No. 1:10-CV-0660-JMS-TAB
vs. )
)
ASSET ACCEPTANCE, LLC. )
and BOWMAN, HEINTZ, BOSCIA & )
VICIAN, P.C. )

Defendants,

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Comes now the Plaintiff, KEVIN M. WELDON, by counsel, DARRELL J. DOLAN, and for a Response to Defendants' Motion to Dismiss, states as follows:

**I. FACTS**

Defendant, Asset Acceptance, LLC ("Asset") is in the business of purchasing large bundles of charged-off consumer debts for pennies on the dollar. Asset pays as little as two or three cents on the dollar for these debts. Asset's debt bundle purchases include many stale debts which are time-barred under applicable statutes of limitations. Asset systematically files or threatens lawsuits on these time-barred debts with blatant disregard for whether the debt is actually valid and with no concern for the rights of consumers.

Defendant, Bowman, Heintz, Boscia & Vician, P.C. ("Bowman") is a northern Indiana based collection law firm specializing in the representation of creditors and debt collectors, including debt buyers such as Asset, as well as being a debt collector in its own right.

**A. UNDERLYING DEBT COLLECTION ACTION**

On May 22, 2007, Asset, through its attorneys, Bowman, filed a lawsuit against Plaintiff, Kevin M. Weldon ("Weldon") in the Monroe County Circuit Court. This lawsuit was an action to confirm or convert a *default* arbitration award into a judgment.

Asset's debt collection lawsuit was time-barred long before it was filed in May, 2007. The underlying debt was an MBNA credit card account which had been charged off in 1999. The last payment on the debt was made on or about November, 1999. The relevant six (6) year statute of limitations for revolving debt in Indiana had expired nearly a year and a half earlier, in December, 2005.

Asset claims to be an assignee of MBNA based upon the purported purchase of the debt. Prior to filing suit, Asset initiated arbitration of its claims with National Arbitration Forum ("NAF"), a Minnesota based private arbitration firm, who at the time, was one of the largest arbitration service providers to the consumer debt collection industry. Asset retained the national debt collection law firm Wolpoff & Abramson (not a party to this lawsuit) to initiate the NAF arbitration proceeding on their behalf.

Weldon, having no notice, did not participate in any manner in the NAF arbitration proceeding. NAF's arbitrator reviewed only the standard claim form and documentation submitted by Asset before entering a default arbitration award against Weldon for $ 29, 348.58 on December 11, 2006. No actual hearing was held. The NAF arbitrator was not presented with nor did he review or consider any facts or evidence relating to the statute of limitations issue on Weldon's purported debt with Asset.

The NAF arbitrator neither considered nor adjudicated whether Asset's claims against Weldon were time-barred based upon the expiration of the relevant six year statute of limitations for credit card debt in Indiana. The arbitrator merely rubber stamped Asset's claim by dating, signing and returning to NAF's home office the pre-filled out arbitration award they had sent him.

Asset, through Bowman, filed its Application to Confirm its default arbitration award in the Monroe Circuit Court; thereafter, both Asset and Weldon filed dispositive motions. Weldon did raise the statute of limitations at this time, but the trial court made no findings of fact or rulings of law on the statute of limitations issue.

Despite Weldon's arguments, the trial court made no adjudication on whether Asset's debt was time-barred by the statute of limitations. The trial court never addressed or even suggested making any consideration of the statute of limitations issue.

The trial court merely deferred to the existence of the default arbitration award previously entered against Weldon. The trial court simply adjudicated a conversion of the default arbitration award into a judgment. Without hearing or oral argument the trial court entered an order denying Weldon's motions, granting Asset summary judgment, and affirming the default arbitration award against Weldon.

**B. THE APPEAL -- THE APPELLATE COURT ONLY ADJUDICATED APPLICATION OF THE FEDERAL ARBITRATION ACT ("FAA")**

Weldon filed an appeal with the Indiana Appellate Court seeking to vacate the default arbitration award and judgment entered against him. In a 2-1 split decision, the Indiana Court of Appeals affirmed the trial court's judgment.

Contrary to Defendants' attempts to distort the actual basis for the Court of Appeals' ruling, as set forth in argument in their Motion to Dismiss, the Indiana Appellate Court did not adjudicate the statute of limitations issue.

In fact, the Appellate Court's ruling was limited to adjudicating the interpretation and application of the FAA. The majority opinion affirmed the trial court judgment by holding that Weldon did not timely seek to vacate the arbitration award within the 90 day deadline enumerated in the FAA. (See Judge Brown's dissenting opinion for contrary findings and conclusions.) The majority opinion does mention Weldon's statute of limitations argument in passing, but this reference is limited to dicta which in no way can be interpreted as an adjudication of the statute of limitation issue. The appellate holding was limited in scope to an adjudication of the Federal Arbitration Act. The Court of Appeals did not, as Asset and Bowman incorrectly argue, adjudicate whether Asset's claims were time-barred by an expired statute of limitations.

**C. NEWLY DISCOVERED EVIDENCE – MINNESOTA ATTORNEY GENERAL'S INVESTIGATION AND LAWSUIT AGAINST NATIONAL ARBITRATION FORUM ("NAF")**

Recently, in September, 2010 Plaintiff obtained important new facts and evidence relevant to Weldon's FDCPA claims in this case. These previously unknown material facts arise from a more than a year long investigation by the Minnesota Attorney General into NAF's consumer arbitration practices and business operations.

This investigation revealed NAF as actively engaging in a plethora of improprieties, misrepresentations and collusive behavior involving its clients and debt collection business partners.

As a result of this investigation, the Minnesota AG filed a lawsuit against NAF in July, 2009. A copy of the Minnesota AG's Complaint is attached hereto as Exhibit A.

The Minnesota AG's investigation uncovered, among other egregious facts, that a private New York hedge fund took a major ownership interest in both NAF and the national debt collection law firm/collection agency Mann, Bracken (formed by a merger of Wolpoff & Abramson, Rockville, MD, Eskanos & Adler, PC, Concord, CA and Mann, Bracken, Atlanta, GA). See Exhibit A, Minn. AG Complaint at paragraph 71.

The collusive relationship among these business partners, including mutual ownership, shared marketing and business operations etc… allowed the debt collection attorneys to funnel their client's arbitration claims to a private arbitration firm, NAF, with whom they shared a bottom line—business profits—and without a doubt, significant influence.

In less than a week after the Minnesota AG filed suit, NAF entered into a consent decree agreeing to immediately cease arbitrating any consumer debt collection matters. NAF's actions in moving at break neck speed to terminate a lucrative multi-million dollar business speak volumes about whether consumers who suffered adverse arbitration rulings from NAF received due process.

Asset's arbitration claim against Weldon was submitted to NAF by Asset's counsel, Wolpoff & Abramson during the relevant time frame when improprieties and collusion was ongoing in 2006 and 2007.

These newly discovered facts and evidence are materially relevant to this case as they are probative towards establishing an ongoing, systematic and continuous pattern of unfair and unconscionable debt collection practices by the defendants in violation of

Section 1692 (f) and the use of false, deceptive, or misleading representations to collect upon a debt in violation of Section 1692 (e) of the FDCPA.

The connection between the parties implicated by Minnesota AG's lawsuit and the Defendants in this action is irrefutable. At this early stage of the litigation these facts may not conclusively establish FDCPA violations by the Defendants, but they do provide factual support to Weldon's claims that Defendants' conduct constituted an ongoing and continuing violation of the FDCPA.

**D. DEFENDANTS' RES JUDICATA AND COLLATERAL ESTOPPEL ARGUMENTS ARE MERITLESS**

Asset and Bowman argue that res judicata and/or collateral estoppel apply to defeat Weldon's FDCPA claims in the instant case. They are wrong. Neither doctrine applies to this action.

Defendants' argue that the statute of limitations issue was decided in the underlying state court lawsuit and subsequent appeal. This is not what occurred.

Neither the trial court, nor the appellate court adjudicated whether Asset's claim was a time-barred debt. The trial court judgment against Weldon was a default judgment.

Asset did not file a traditional debt collection lawsuit in the Monroe Circuit Court. They did not present any evidence concerning Weldon's credit card usage, account or payment history to the trial court. They merely filed an Application to Confirm an arbitration award—attaching a default arbitration award—entered against Weldon by NAF. Again, as previously stated, no evidence regarding the statute of limitations, nor any other evidence or defenses were considered by the NAF arbitrator. The trial court made no findings of fact or conclusions of law concerning the statute of limitations issue. See Exhibit B, Trial Court Judgment Order.

The Indiana Court of Appeals opinion affirming the Trial Court's judgment was based solely upon a holding applying the Federal Arbitration Act. The Appellate Court did not adjudicate the statute of limitations issue.

Weldon did not file a FDCPA counter claim against Defendants in the trial court. Therefore, Defendants argument that the trial and appellate courts adjudicated Weldon's FDCPA claims is wholly without merit. While Weldon could have filed a FDCPA counter claim, he was not required to do so. It is black letter law that FDCPA counter claims are permissive, not compulsory, in Indiana debt collection actions.

It is well settled that this court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. The record in the instant case does not support the Defendant's arguments.

Asset's arguments are recycled. Asset made these same flawed arguments in a recent FDCPA action (also based on violations arising from filing suit on time-barred debts) in a case nearly identical to the instant case filed against them in the U.S. District Court, Northern District of Illinois, *Cotton v. Asset Acceptance, LLC.*, Case No. 07-CV-5005 (N.D. Ill. 2007). The District Court rejected Asset's claim preclusion arguments. The court found that FDCPA claims and debt collection lawsuit claims arise from two different transactions, so res judicata does not apply.

In another recent case on point, the U.S. District Court, Western District of Washington, in *Malik v. Unifund CCR Partners*, *et al*, Case No. C09-1389-MJP rejected the judgment creditor's argument that a default judgment entered in a collection action bars a subsequent action against the creditor arising from the creditor's conduct and actions in prosecuting the action and pursuing the judgment. See also, *Buford v.*

*Palisades Collection, LLC* (state court default judgment did not bar, under res judicata, FDCPA action claiming state court suit time-barred), 552 F. Supp. 2d 800 (N.D. Ill. 2008); *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 783 (S.D. OH, Dec. 6, 2006); *Naranjo v. Universal Sur. Of Am.*, __F.Supp. 2d___, 2010 WL 173555 (S.D. Tex. Jan. 14, 2010); *Druther v. Hamilton*, 2009 WL 46673776 (W.D. Wash. Dec. 3, 2009).

Neither res judicata, nor collateral estoppel apply to Weldon's FDCPA claims in this action. Weldon's claims are based upon chain of ongoing and continuous actions by Asset and Bowman beginning with the filing and prosecution of a debt collection action on a time-barred debt and continuing with post judgment actions seeking collection on this default judgment.

**E. WELDON'S FDCPA CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS**

**1. Conduct violating the FDCPA took place within one year of filing of this action**

It is well settled that litigation activities by debt collectors and attorneys are covered by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995). Actionable conduct by debt collectors and collection attorneys can be found during the pre-trial or pre-judgment phase of a collection case. Moreover, actions taken <u>after</u> a judgment has been entered in a collection case may also be actionable violations under the FDCPA. *Malik* (wage garnishment proceedings violation), Id.; Blakemore v. Pekay ( wage garnishment violation of FDCPA), 895 F. Supp. 972 (N.D. Ill. 1995);

In the instant case, on July 7, 2009, within the year prior to the filing of this lawsuit, Defendants initiated proceedings supplemental against Weldon. This action was taken with actual knowledge of the time-barred status of their claims and knowledge

(actual or constructive) of the collusive and improper conduct of Wolpoff & Abramson and NAF in manufacturing the default arbitration award in their favor and against Weldon in the instant case.

**2. Defendants continuing violations are subject to equitable tolling and equitable estoppel tolling the FDCPA statute of limitations**

In *Matthews v. Capital One,* Case 07-1220 (S.D. Ind. 2007), this district recognized the continuing violations doctrine may apply to FDCPA actions so as to toll the statute of limitations. Other jurisdictions have followed or reached the same conclusion. See *Kubiski v. Unifund Partners CCR*, No. 08-CV-06421 (N.D. Ill. 2009); *Tucker v. Mann Bracken, LLC*, No. 08-CV-1677 (M.D. Penn. 2008); *Lennon v. Penn Waste,* No. 09-CV-0180 (M.D. Penn. 2009).

Defendants' egregious conduct in the instant case is of the nature that compels the application of equitable tolling of the one year statute of limitations. The statute of limitations should be equitably tolled in order to promote fairness and justice. Equitably tolling the statute of limitations in the instant case will further the legislative purpose of the Fair Debt Collection Practices Act as intended by Congress. Equitable tolling, under the facts of this case, is necessary to provide consumer protections our lawmakers intended to codify with the passage of the FDCPA.

Like *Lennon* and *Tucker*, supra, Weldon's claims arise from a continuing pattern of actionable behavior by Defendants. Significantly, Defendants' have ***never at any time*** offered any evidence disputing that the debt in the instant case was not time barred when they commenced their arbitration claims and subsequent collection lawsuit. Yet, at all times relevant and continuing to this date, Defendants have engaged in a systematic and

ongoing pattern of conduct relentlessly pursuing collection upon a debt they know is time-barred. Adding insult to injury, the Minnesota Attorney General's findings uncovered in the last year, further cast a long shadow on the Defendants conduct, conduct interwoven and connected with that of Wolpoff & Abramson and NAF, who as now exposed, engaged in improper and possibly illegal conduct to the detriment of consumers, including Plaintiff in the instant case.

**F. CONCLUSION**

For the reasons stated above, this Honorable Court should deny Defendants Motion to Dismiss.

Respectfully submitted by:

/s/ Darrell J. Dolan
Darrell J. Dolan
Attorney for Plaintiff (#16389-29)
6525 E. 82nd Street, Suite 102
Indianapolis, IN 46250
Ph. 317-842-0022; Fax 317-842-2216
attorneydolan@aol.com