UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN M. WELDON, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:10-cv-0660-JMS-MJD |
| | ) | |
| ASSET ACCEPTANCE, LLC, and BOWMAN, | ) | |
| HEINTZ, BOSCIA & VICIAN, P.C., | ) | |
|     *Defendants.* | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Presently before the Court is Defendant Asset Acceptance, LLC ("Asset Acceptance") and Bowman, Heintz, Boscia & Vician, P.C.'s ("Bowman Heintz") (collectively, "Defendants") Motion to Dismiss Plaintiff Kevin M. Weldon's Complaint. [Dkt. 16.] Mr. Weldon alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by pursing legal action on a debt after the applicable statute of limitations had expired.

**I.**
**BACKGROUND**

In October 2006, Asset Acceptance, through its attorney Bowman Heintz, filed a claim against Mr. Weldon with the National Arbitration Forum for the outstanding balance of approximately $30,000 on Mr. Weldon's credit card. *Weldon v. Asset Acceptance*, 896 N.E.2d 1181, 1182 (Ind. Ct. App. 2008), *trans. denied*.[1] Mr. Weldon denies that he received notice of the arbitration. *Id.* In December 2006, the arbitrator entered an award in favor of Asset Acceptance in the amount of $29,348.85. *Id.* Mr. Weldon denies receiving a copy of the judgment. *Id.*

---

[1] Defendants cite the Court of Appeals' opinion in *Weldon* throughout their brief, and Mr. Weldon acknowledges that the Court "may take judicial notice of matters of public record." [Dkt. 21 at 7]; *see also Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (federal courts can take judicial notice of the decisions of federal and non-federal courts); *Matthews v. Capital One Bank*, 2008 U.S. Dist. LEXIS 90157, *5 (S.D. Ind. 2008) (taking judicial notice of docket). Therefore, the Court takes judicial notice of the Court of Appeals opinion and the appellate docket.

On May 22, 2007, Asset Acceptance filed a motion to confirm the arbitration award in state court. *Id.* at 1182-83. Mr. Weldon contends that the notice of the state court proceedings was the first time he learned about the arbitration proceedings. *Id.* at 1183. The state court held an initial hearing on Asset Acceptance's motion in July 2007, at which time Mr. Weldon "contested the validity of the arbitration award." *Id.*

In August 2007, Mr. Weldon filed a motion to vacate the arbitration award and moved for summary judgment, arguing "that the arbitration proceedings had been filed outside of the allegedly applicable six-year state of limitations." *Id.*; [*see also* dkt. 21 at 3 (admission by Mr. Weldon that he "did raise the statute of limitations at this time")]. Mr. Weldon filed an additional motion to vacate later that month, arguing that Asset Acceptance was not a valid assignee of the debt, that he had never agreed to binding arbitration, and that he was never properly served with notice of the arbitration proceedings. *Weldon*, 896 N.E.2d at 1183.

Asset Acceptance filed a cross-motion for summary judgment in October 2007, arguing that it had complied with all relevant statutory conditions and that Mr. Weldon had failed to offer admissible evidence in support of his argument that the arbitration award should be vacated. *Id.*

The trial court summarily denied Mr. Weldon's motions and granted Asset Acceptance's cross-motion, entering judgment in favor of Asset Acceptance for $29,348.58 plus costs. *Id.* The Court of Appeals affirmed the trial court's judgment in favor of Asset Acceptance. *Id.* at 1187. Mr. Weldon filed a petition for transfer with the Indiana Supreme Court, which Asset Acceptance opposed. Indiana Clerk of Courts Online Docket, 53A01-0804-CV-0159, *available at* http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp. The Indiana Supreme Court denied transfer and certified the Court of Appeals opinion final on June 1, 2009. *Id.*

On May 27, 2010, Mr. Weldon filed a Complaint in federal court against Defendants, alleging that they violated the FDCPA by taking legal action against him on allegedly time-barred debt. [Dkt. 1 at 2-3.] Defendants filed a motion to dismiss Mr. Weldon's Complaint in October 2010. [Dkt. 16.]

## II.
### STANDARD

In determining whether claims should be dismissed under Rule 12(b)(6), the Court must treat the factual allegations in a complaint as true, construe the allegations liberally, and draw all reasonable inferences in favor of the plaintiff. *Matthews v. Capital One Bank*, 2008 U.S. Dist. LEXIS 90157, *4 (S.D. Ind. 2008). While a complaint does not need to make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Factual allegations must raise a right to relief that is not merely speculative. *Id.* at 1965.

## III.
### DISCUSSION

Mr. Weldon alleges that Defendants violated 15 U.S.C. §§ 1692(e) and (f) by pursing allegedly time-barred claims in arbitration and state court to collect on the credit card debt. [Dkt. 1 at 1-2.] Defendants seek to dismiss Mr. Weldon's Complaint because of res judicata and because they believe his claims are barred by the one-year statute of limitations in the FDCPA. [Dkt. 17.] Mr. Weldon responds that he has discovered new evidence of Asset Acceptance's allegedly deceptive behavior, that res judicata does not bar his federal claim, and that his federal claim is not barred by the one-year statute of limitations in the FDCPA. [Dkt. 21.] Defendants

reassert their previous arguments on reply and make a passing reference to the *Rooker-Feldman* doctrine as another basis for rejecting Mr. Weldon's federal claim.  [Dkt. 23 at 6.]

### A. The *Rooker-Feldman* Doctrine

The Court must consider the applicability of the *Rooker-Feldman* doctrine before considering any other affirmative defenses, including res judicata.  *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).  If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004), without considering any other defenses, *Taylor v. Fannie Mae*, 374 F.3d 529, 535 (7th Cir. 2004).

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be."  *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).  The *Rooker-Feldman* doctrine applies not only to claims that were actually raised before the state court, but also to claims that are "inextricably intertwined" with determinations made by the state court.  *Id.*  Although the Seventh Circuit Court of Appeals has recognized that the term "inextricably intertwined" is "a somewhat metaphysical concept," the "crucial point is whether the district court is in essence being called upon to review the state-court decision."  *Taylor*, 374 F.3d at 533.

The United States Supreme Court "explicitly limited" the *Rooker-Feldman* doctrine in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.* because district courts "at times had interpreted the doctrine to 'extend far beyond the contours of the *Rooker* and *Feldman* cases.'"  *Kelley*, 548 F.3d at 603 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil*, 544 U.S. at

284; *Kelley*, 548 F.3d at 603. Recently, the Supreme Court again emphasized the "narrow ground occupied by [*Rooker-Feldman*]" and held that it did not apply to a federal plaintiff who presented an independent claim. *Skinner v. Switzer*, --- U.S. ---, 2011 U.S. 1905, *3-*4 (2011). "[I]t is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Id.*

Mr. Weldon alleges that Defendants violated Sections 1692(e) and (f) of the FDCPA by taking legal action upon allegedly time-barred debt. [Dkt. 1 at 2-3.] An FDCPA claim "has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt." *Rhines v. Norlarco Credit Union*, 847 N.E.2d 233, 238 (Ind. Ct. App. 2006); *Spears v. Brennan*, 745 N.E.2d 862, 877-78 (Ind. Ct. App. 2001). Accordingly, a debtor has two options for pursuing a claim against a debt collector that he believes has violated the FDCPA: 1) the debtor can file an FDCPA counterclaim in the debt collection proceeding, or 2) the debtor can file a separate lawsuit against the debt collector for violation of the FDCPA. *Rhines*, 847 N.E.2d at 238.

Because Mr. Weldon's FDCPA claim has nothing to do with the validity of the underlying debt, it is not inextricably intertwined with the state court judgment. Mr. Weldon presents an independent claim for an FDCPA violation based upon Defendants' method of collecting the allegedly time-barred debt, regardless of the outcome of the underlying debt collection action. In other words, the legitimacy of the collection efforts under the FDCPA is not dependent on the validity of the underlying debt. Because Mr. Weldon presents an independent federal claim that

is not inextricably intertwined with the state court action, the *Rooker-Feldman* doctrine does not bar federal jurisdiction at this time.[2]

### B. Res Judicata

Defendants argue that Mr. Weldon's FDCPA claim is barred by res judicata because the trial court was a court of competent jurisdiction, the trial court rendered a judgment on the merits, Mr. Weldon raised a statute of limitations defense in state court, and the state court action involved the same parties or their privies. [Dkt. 17 at 5-6.]

*Rooker-Feldman* and res judicata are not coextensive. *Taylor*, 374 F.3d at 535. The Court can only address res judicata if *Rooker-Feldman* does not apply. *Id.* State res judicata principles apply when the earlier action in question was decided in state court. *Czarniecki v. City of Chicago*, --- F.3d ---, 2011 U.S. App. LEXIS 1177, *8 n.3 (7th Cir. 2011). Under Indiana law, res judicata, also known as claim preclusion, serves to prevent the litigation of matters that have already been litigated. *TacCo Falcon Point, Inc. v. Atl. L.P. XII*, 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010). Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies. *Id.* at 1218-19.

Defendants emphasize that Mr. Weldon asserted a statute of limitations defense to the trial court and argue that this proves res judicata applies. While Mr. Weldon admits that he raised

---

[2] Pursuant to 15 U.S.C. § 1629k(a), Mr. Weldon is entitled to, among other things, any actual damages he sustained as a result of Defendants' failure to comply with the FDCPA. Mr. Weldon does not seek a specific amount of damages in his Complaint. As neither party has addressed whether Mr. Weldon can recover damages for the amount of money he may have paid towards the state court judgment without violating *Rooker-Feldman*, the Court need not decide that issue at this time.

the statute of limitations issue, he argues that res judicata should not apply because the trial court never addressed the merits of that argument.[3] [Dkt. 21 at 3.]

Both parties miss the mark on this point. Defendants' state court debt collection action sought a judgment against Mr. Weldon for approximately $30,000 of credit card debt. Mr. Weldon's statute of limitations defense was an affirmative defense to the merits of Defendants' debt collection action. *Reiswerg v. Statom*, 926 N.E.2d 26, 33 (Ind. 2010). As detailed above, however, Mr. Weldon's federal FDCPA claim is an independent claim that "has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt." *Rhines*, 847 N.E.2d at 238; *Spears*, 745 N.E.2d at 877-78. Therefore, the key issue in this litigation is not whether the underlying debt was valid or whether the state court should have applied the statute of limitations to bar Defendants' action, but, instead, whether Defendants violated the FDCPA by taking legal action to collect on allegedly time-barred debt.[4] Because Mr.

---

[3] Mr. Weldon incorrectly asserts that the trial court granted a default judgment against him instead of a judgment on the merits. [Dkt. 21 at 6.] The trial court summarily granted summary judgment in favor of Asset Acceptance. *Weldon*, 896 N.E.2d at 1183, 1187. The entry of summary judgment is a judgment on the merits. *In re Waugh*, 2009 Bankr. LEXIS 254 (N.D. Ind. 2009) (citing *Perry v. Stitzer Buick GMC*, 637 N.E.2d 1282, 1286 (Ind. 1994)).

[4] This is not an issue with a straightforward answer. *See, e.g.*, *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (holding that a "debt collector's filing of a lawsuit on an apparently time-barred debt, without having first determined after a reasonable inquiry that the limitations period had been tolled was a violation of the FDCPA"); *Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 272 (D. Conn. 2005) (holding that the threat to bring suit on a time-barred debt "can at best be described as a 'misleading' representation in violation of [the FDCPA]" and although the statute of limitations is an affirmative defense, it "does not relieve defendants of their professional responsibility, when they do not dispute the applicability or viability of the defense"); *but see Basile v. Blatt*, 632 F. Supp. 2d 842, 847 (N.D. Ill. 2009) (denying cross-motions for summary judgment, in part, because issues of material fact exist regarding whether debt collector entitled to bona fide error defense for initiating legal action on allegedly time-barred debt). Defendants do not argue that Mr. Weldon's Complaint fails to state a claim as a matter of law on any basis other than *Rooker-Feldman*, res judicata, or the statute of limitations.

Weldon presents an independent federal claim that has nothing to do with the validity of the underlying debt, res judicata does not apply.

### C. Statute of Limitations

Defendants argue that this Court should dismiss Mr. Weldon's claim because the statute of limitations bars it. Defendants emphasize that Mr. Weldon's Complaint only cites the date they filed the state court action and argue that the one-year statute of limitations in the FDCPA expired before Mr. Weldon filed his federal claim on May 27, 2010.

Mr. Weldon argues that the continuing violation doctrine may apply to toll the statute of limitations because Defendants' wrong wasn't concluded until within a year of his federal suit. [Dkt. 21 at 9.] He also asserts that Defendants initiated proceedings supplemental in July 2009 and that he filed this action within one year of that legal action. [*Id.* at 8.]

FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Courts are split regarding whether the statute of limitations begins to run when a collections suit is filed or if it begins to run when the defendant's conduct is complete and the defendant can no longer comply with the FDCPA. *Matthews*, 2008 U.S. Dist. LEXIS 90157 at *9-*10 (collecting cases). The Seventh Circuit has not determined when the FDCPA's statute of limitations begins to run when the violation arises from a collection lawsuit. *Id.* at *7. Where applicable, the continuing violation doctrine provides that the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded. *Id.* at *8. If the only violation of the FDCPA is the filing of a lawsuit, the course of a lawsuit is not a continuing violation. *Id.*

In ruling on Defendants' Motion to Dismiss, the Court is required to construe the allegations in the pleadings liberally and to draw all reasonable inferences in favor of Mr. Weldon. *Id.*

at *4. At this stage in the litigation, the Court cannot determine whether or not Mr. Weldon's FDCPA claims are barred by the statute of limitations. Although Mr. Weldon's Complaint asserts the date the state court action was filed, he also alleges that Defendants used unfair and unconscionable means to collect upon the debt, took legal action to collect upon a time-barred debt, and used false, deceptive, or misleading representations or means to collect upon a debt. [Dkt. 1 at 3.] It is possible that the alleged FDCPA violations could have occurred at the filing of the underlying litigation, during the underlying litigation, and/or during the proceedings supplemental.

As this case moves forward, Mr. Weldon will have to show discrete violations of the FDCPA or show a situation where the continuing violation doctrine applies.[5] *Matthews*, 2008 U.S. Dist. LEXIS 90157 at *14. His complaint, which alleges that Defendants violated the FDCPA by, among other things, "taking legal action," states a sufficient claim to allow him the opportunity to make that showing. [Dkt. 1 at 3.]

## IV.
### CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendants' Motion to Dismiss. [Dkt. 16.] The *Rooker-Feldman* doctrine does not apply, res judicata does not bar Mr. Weldon's federal claim, and the Court cannot determine whether the statute of limitations bars Mr. Weldon's claim at this time. Discovery may provide further insight on this and other issues.

---

[5] To the extent Mr. Weldon's argument regarding newly discovered evidence invokes Indiana Trial Rule 60(B), it is improper to raise it to this Court. [Dkt. 21 at 4-6.] To the extent Mr. Weldon's newly discovered evidence addresses Defendants' intent while collecting on the allegedly time-barred debt, it may be relevant to his FDCPA claim. The Court need not decide that issue at this time.

03/14/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Darrell Joseph Dolan
DARRELL J. DOLAN, ATTORNEY AT LAW
attorneydolan@aol.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org