UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN M. WELDON, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:10-cv-0660-JMS-MJD |
| | ) | |
| ASSET ACCEPTANCE, LLC, & BOWMAN, | ) | |
| HEINTZ, BOSCIA & VICIAN, P.C., | ) | |
|     *Defendants*. | ) | |

## **ORDER**

Presently pending before the Court are Defendants Asset Acceptance, LLC's, and Bowman Heintz, Boscia & Vician, P.C.'s (collectively, "Defendants") Motion to Alter or Amend Judgment, [dkt. 36], and Plaintiff Kevin M. Weldon's Motion to Strike, [dkt. 38].

## I.
### PROCEDURAL POSTURE OF DEFENDANTS' MOTION

In his Complaint, Mr. Weldon alleges that Defendants violated 15 U.S.C. §§ 1692(e) and (f) of the Fair Debt Collection Practices Act ("FDCPA") by pursuing allegedly time-barred claims to collect on credit card debt. [Dkt. 1 at 1-2.]

Defendants filed a Motion to Dismiss in response to Mr. Weldon's Complaint, arguing that the Court should dismiss the Complaint pursuant to the *Rooker-Feldman* doctrine, res judicata, and the one-year statute of limitations in the FDCPA. [Dkt. 16.] The Court denied the motion. [Dkt. 34.]

After the Court denied their Motion to Dismiss, Defendants filed the present Motion to Alter or Amend Judgment, again asking the Court to dismiss Mr. Weldon's Complaint. [Dkt. 37 at 3.] In support of their request, Defendants cite Federal Rule of Civil Procedure 59, [dkt. 36], which gives the Court authority to alter or amend a "judgment" if a motion is filed "no later than

28 days after the entry of a judgment." Defendants attach an affidavit to their motion attesting the date of Mr. Weldon's last payment and an electronic printout of Mr. Weldon's payment history. [Dkt. 37-1 at 1.]

The Court has not entered judgment in this case. Therefore, Defendants have improperly framed their motion as a motion to amend judgment when, in fact, it is actually a motion to reconsider an interlocutory order. The Court will address Defendants' motion as such and apply the requisite standard of review.

## II.
### STANDARD OF REVIEW

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011). A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## III.
### DISCUSSION

#### A. Mr. Weldon's Motion to Strike

In response to Defendants' Motion, Mr. Weldon filed a Motion to Strike. [Dkt. 38.] Mr. Weldon argues that the Court should strike Defendants' Motion to Amend or Alter Judgment be-

cause it is really a motion to reconsider. [Dkt. 38 at 2 ¶ 6.] Alternatively, Mr. Weldon argues that if the Court does not strike the entire motion, it should strike the exhibits Defendants attached to the motion because they are not admissible. [Dkt. 38 at 2-3.]

As the Court has already concluded, Mr. Weldon is correct that Defendants' motion is actually a motion to reconsider, not a motion to amend judgment. Despite Defendants' legal misnomer, however, the Court prefers to address the merits of an argument. *Bunnell v. Conrail*, 2001 U.S. Dist. LEXIS 4903, *3 (S.D. Ind. 2001) ("The court generally prefers to decide cases on the merits . . . ."). Therefore, Mr. Weldon's Motion to Strike is denied to the extent it seeks to strike Defendants' entire motion.

Turning to Mr. Weldon's request to strike the exhibits, Defendants attach an affidavit to their motion attesting the date of Mr. Weldon's last payment and an electronic printout of Mr. Weldon's payment history "not . . . as evidence" but merely to show the Court "what [it] will have to go through" to adjudicate the merits of Mr. Weldon's FDCPA claim. [Dkt. 40 at 2.]

Defendants do not cite any support for the premise that they can submit an affidavit and electronic account record "not . . . as evidence" in support of a motion. Typically, the Court only considers evidence submitted with a motion, and Defendants have not convincingly argued why their exhibits should be an exception.

Moreover, even if it were permissible for Defendants to submit the exhibits for purposes other than "evidence," and assuming without deciding that the affidavit and electronic printout are admissible, to support a motion for reconsideration based on newly discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale,* 90 F.3d at 1269.

Defendants do not argue that the electronic printout is new evidence that could not have been discovered and produced during the pendency of their motion. In fact, they note that the printout shows that Mr. Weldon's last payment was in 2000—approximately ten years before they filed their Motion to Dismiss. Because the Court will not consider new evidence in support of a motion to reconsider that could have been produced during the pendency of the original motion, the Court grants Mr. Weldon's motion to strike the exhibits Defendants submit in support of their motion to reconsider. [Dkt. 37-1.]

**B. Defendants' Motion to Reconsider**

Defendants argue that the Court should reconsider its prior ruling and dismiss Mr. Weldon's Complaint because in order for Mr. Weldon to succeed, "he must persuade this Court to make a factual determination contrary to the state court judgment." [Dkt. 37 at 2.] Specifically, Defendants argue:

> This is not a case where Weldon is complaining about the process used by the Defendants in collecting the debt. This is not a circumstance where a dunning letter was inappropriately worded or that the Defendants used inappropriate telephone calls or communications to collect a debt. Rather, this case involves the substantive issue of whether the debt was owed in the first place. That is exactly the decision already determined by the Indiana state courts. Both the trial court and the Court of Appeals have found and determined that Weldon owes the money to Asset Acceptance.

[Dkt. 37 at 2.]

While Defendants argue that the Court misapprehended the key issue in this case, in fact, Defendants appear to have missed the mark. Contrary to Defendants' assertions, Mr. Weldon is complaining about the process used by Defendants to collect the debt. [Dkt. 1 at 3.] As the Court detailed in its Order denying Defendants' Motion to Dismiss, Mr. Weldon's FDCPA claim "'has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt.'" [Dkt. 34 at 5 (quoting *Rhines v. Norlarco Credit Union*, 847

N.E.2d 233, 238 (Ind. Ct. App. 2006); *Spears v. Brennan*, 745 N.E.2d 862, 877-78 (Ind. Ct. App. 2001)).] Therefore, contrary to Defendants' assertions, this Court does not have to determine the validity of the underlying debt to adjudicate Mr. Weldon's FDCPA claim because, among other things, Defendants could have violated the FDCPA by attempting to collect on allegedly time-barred debt. [*See* dkt. 34 at 7 n.4.]

Defendants also argue that "the Indiana state courts have already determined that the debt is not time-barred." [Dkt. 40 at 1.] Defendants do not cite the arbitrator's decision, the trial court decision, or the Court of Appeals' decision for that proposition. As the Court detailed in the Background section of its prior Order, Mr. Weldon denies receiving notice of the arbitration or the subsequent judgment, the trial court summarily confirmed the arbitration award, and the Court of Appeals affirmed the trial court's decision. [Dkt. 34 at 1-2.] There is no evidence in the record that the state court addressed the merits of a statute of limitations defense and determined that pursuit of Mr. Weldon's debt was time-barred. Therefore, to the extent the Court must determine whether Mr. Weldon's debt was time-barred, that conclusion would not be contrary to the underlying state court judgment because there is no evidence in the record that the state court addressed that issue.

For these reasons, Defendants' Motion is denied.

### IV.
#### CONCLUSION

For these reasons, Defendants' motion is **DENIED**. [Dkt. 36.] Mr. Weldon's Motion to Strike is **DENIED** to the extent he seeks to strike Defendants' entire motion and **GRANTED** to the extent he seeks to strike the exhibits Defendants filed with their motion. [Dkt. 38.] Defendants are ordered to answer Mr. Weldon's Complaint by **June 8, 2011**.

05/19/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Darrell Joseph Dolan
DARRELL J. DOLAN, ATTORNEY AT LAW
attorneydolan@aol.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org